JOURNAL ENTRY and OPINION
Appellant Reginald Hart appeals from the decision of the trial court sentencing him to the maximum prescribed term of imprisonment for failing to comply with an order or signal of a police officer under R.C. 2921.331. Hart assigns the following as errors for our review:
 I. THE TRIAL COURT ERRED WHEN THE COURT SENTENCED MR. HART FOR ASSAULT ON A PEACE OFFICER, A COUNT THE COURT NOLLED, RATHER THAN THE LESS SERIOUS CHARGE OF FAILURE TO COMPLY TO WHICH HE PLED.
 II. THE TRIAL COURT DID NOT LAWFULLY IMPOSE A MAXIMUM SENTENCE WHEN THE COURT DID NOT RECORD A FINDING, AND SET FORTH ITS REASONS FOR FINDING, THAT MR. HART POSED THE GREATEST LIKELIHOOD FOR COMMITTING FUTURE CRIMES OR COMMITTED THE WORST FORM OF THE OFFENSE OF WHICH HE WAS CONVICTED, AND, IN FACT, SENTENCED MR. HART FOR ASSAULT ON A PEACE OFFICER, A COUNT THE COURT NOLLED, RATHER THAN THE LESS SERIOUS CHARGE OF FAILURE TO COMPLY TO WHICH HE PLED.
Having reviewed the record and legal argument of the parties, we hereby reverse and remand for re-sentencing the decision of the trial court. The apposite facts follow.
At a September 6, 2000 sentencing hearing, Hart pled guilty to failure to comply with order or signal of police officer under R.C. 2921.331(B), a third degree felony as charged to Hart. In exchange for his plea, the prosecution nolled the charge of felonious assault on a peace officer under R.C. 2903.11, a first degree felony. On September 28, 2000, the trial court sentenced Hart to five years imprisonment, the maximum allowable term for a third degree felony. This appeal follows.
The law is well settled that we will not reverse a trial court on sentencing issues unless the defendant shows by clear and convincing evidence that the trial court has erred.[1] We apply this standard of review to both of Hart's assigned errors.
In his first assigned error, Hart argues the trial court mistakenly sentenced him for the nolled felonious assault charge, rather than the charge to which he pled. Hart primarily relies upon the following statements made by the trial court during the September 28, 2000 sentencing hearing:
 THE COURT: * * *. Mr. Hart, I've taken a look at your prior record. This is the second time that you pled guilty to an assault on a peace officer. * * *.
 * * *, I'm very bothered by the fact that this is the second time you've assaulted a peace officer, * * *.
* * *
 THE COURT: I do specifically find that this was one of the worst forms of an assault on a peace officer, specifically the chase through the neighborhood, and your prior record demonstrates that you do pose an extremely great likelihood to commit future crimes. [Emphasis added].
Even though the trial court referred to the assault charge during sentencing, the balance of the record clearly demonstrates that the trial court simply mis-spoke at inopportune moments. Throughout the sentencing transcript and the trial court's journal entries, the trial court demonstrated its awareness that it was to sentence Hart solely for failure to comply. At the September 6, 2000 sentencing hearing the following dialogue occurred:
 THE COURT: * * * I want to make sure you understand the penalties that you face. Mr. Hart, in your case, I understand you are going to plead guilty to [failure to comply] which is a felony of the third degree, punishable by one, two, three, four, or five years in prison * * *.
* * *
 THE COURT: Mr. Hart, in your case, failure to comply with an order or signal of a police officer, a felony of the third degree, how do you plead?
MR. HART: Guilty.
 THE COURT: Okay. Let the record reflect that per the agreement, [assault on a police officer] shall be dismissed. [Emphasis added].
Following this hearing, the trial court journalized that Hart pled guilty to failure to comply and that the assault charge was nolled. Then, on September 28, 2000, the court opened proceedings with the following statement:
 THE COURT: We are here on State of Ohio versus Reginald Hart. Mr. Hart is here in Case No. 394298. He pled guilty on September 6th to count one, failure to comply with an order or signal of a police officer, felony of the third degree. [Emphasis added].
Following this hearing, the trial court journalized that Hart had pled guilty to failure to comply and that the trial court consequently sentenced Hart to five years imprisonment.
Based upon the foregoing we are convinced the trial court was well-aware that Hart pled to failure to comply, rather than felonious assault. Hart has failed to demonstrate that the trial court clearly and convincingly erred in sentencing him to five years imprisonment for failure to comply. Accordingly, Hart's first assigned error is without merit.
In his second assigned error, Hart argues the trial court failed to state requisite findings, and reasons for those findings, in order to impose the maximum prescribed term of imprisonment. We agree.
In imposing a maximum prescribed sentence, trial courts typically must follow sections (B) and (C) of R.C. 2929.14.[2] However, because Hart already served a prison term, and R.C. 2929.14(B) specifically applies only to offenders who have not served a prison term, the trial court was not bound to make findings under R.C. 2929.14(B). Rather, the trial court was free to proceed directly to R.C. 2929.14(C) which states:
 * * *, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
Therefore, in Hart's case, to impose a maximum sentence the trial court must find on the record that the offender committed one of the worst forms of the offense or posed the greatest likelihood of recidivism.[3]
In addition to findings, the trial court must give its reasons for imposing a maximum sentence.[4] Reasons are the trial court's bases for its findings which evince the trial court's adherence to the General Assembly's policies of establishing consistency in sentencing and curtailing maximum sentences.[5]
At the sentencing hearing the trial court stated:
 I feel that you are a substantial risk to the public, your record demonstrates a complete disregard for authority, and failure to abide by the laws of this state, and therefore, I feel that a maximum term is necessary to protect the public in this case.
* * *
 I do specifically find that this was one of the worst forms of an assault on a peace officer, specifically the chase through the neighborhood, and your prior record demonstrates that you do pose an extremely great likelihood to commit future crimes. [Emphasis added].
As we determined in Hart's first assigned error, the balance of the record demonstrates the trial court was well-aware that it was sentencing Hart for failure to comply, rather than felonious assault. As further evidence of our position, we note the trial court specifically referred to the chase through the neighborhood as a reason in support of Hart committing one of the worst forms of the offense. A chase through the neighborhood has no rational relationship to the nolled assault charge; it only has relevance to the intended failure to comply conviction. Accordingly, the trial court's R.C. 2929.14(C) findings and R.C. 2929.11
reasons necessarily pertain to failure to comply.
The trial court made the findings that Hart committed one of the worst forms of the offense and that Hart poses an extremely great likelihood to commit future crimes. Therefore, the trial court complied with R.C.2929.14(C). As reasons in support of its findings, the trial court adequately cited the chase through the neighborhood to support its worst form of the offense finding. In support of its recidivism finding, the court cited Hart's prior criminal record. Although Hart's prior record arguably supports a recidivism finding, the court mistakenly considered two felonious assault charges when Hart only committed one such prior offense. Prior to sentencing Hart, the trial court stated:
 THE COURT: * * *. Mr. Hart, I've taken a look at your prior record. This is the second time that you pled guilty to an assault on a peace officer. * * *. [Emphasis added].
In this present case, Hart did not plead to assault on a peace officer. Therefore, we are concerned the trial court applied a non-existent reason to its recidivism finding.
Even though the record reflects two felonious assault charges and one such conviction against Hart, we must consider whether the trial court's concern for two convictions can support its finding that Hart poses the greatest likelihood of committing future crimes. Because we cannot be reasonably certain that the imposition of a maximum sentence was not the product of the trial court's mistaken consideration of two felonious assault convictions, we determine the trial court erred in sentencing Hart to the maximum term of imprisonment for failure to comply. Accordingly, Hart's second assigned error has merit.
Judgment reversed and remanded to the trial court for proceedings re-sentencing.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J., DISSENTS (SEE ATTACHED DISSENTING OPINION); MICHAEL J. CORRIGAN, J., CONCURS IN JUDGMENT ONLY.
[1] R.C. 2953.08(G)(1); State v. Hollander, 2001 Ohio App. LEXIS 805 (July 5, 2001), Cuyahoga County App. No. 78334, unreported; State v Haamid, 2001 Ohio App. LEXIS 2764 (June 21, 2001), Cuyahoga County App. No. 78761.
[2] See R.C. 2929.14; State v. Edmonson (1999), 86 Ohio St.3d 324,715 N.E.2d 131.
[3] R.C. 2929.14(C); State v. Futrell, 1999 Ohio App. LEXIS 5308 (Nov. 10, 1999), Cuyahoga App. Nos. 75033, 75034, 75035, unreported.
[4] See R.C. 2929.11; State v. Edmonson (1999), 86 Ohio St.3d 324,715 N.E.2d 131; State v. Berry (Mar. 9, 2000), Cuyahoga App. Nos. 75470 and 75471, unreported.
[5] See R.C. 2929.11 et seq.; See, also, State v. Edmonson,86 Ohio St.3d 324, 715 N.E.2d 131.